UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLISON CHARLESTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-531 SNLJ |
| ) | |
| SANFORD-BROWN COLLEGE, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs are four African-American women who were participants in defendant Sanford-Brown College, LLC's Surgical Technology Program.  They brought this action against Sanford-Brown College (the "College") and its parent, Career Education Corporation ("CEC"), alleging various discriminatory actions taken against them on account of their race.  Plaintiffs seek damages under Title VII[1] of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Missouri Human Rights Act, Chapter 213 RSMo.   Defendants have moved to compel arbitration or, in the alternative, to dismiss under Federal Rule of Civil Procedure 12(b)(6) (#6).  This matter has been fully briefed and is now ripe for adjudication.

Plaintiffs do not deny that, when they enrolled, they each signed Enrollment Agreements with the College, and that those Enrollment Agreements included an arbitration clause.  The arbitration clause was noted by an all-caps advisory just above each student's signature that said "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY

---

[1]Plaintiffs have indicated that they intended to bring their claim under Title VI, not Title VII.

BE ENFORCED BY THE PARTIES." The arbitration clause itself is on Page 4 of the Agreement and states, among other things,

> **Agreement to Arbitrate** - Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to ... any claim, no matter how described, pleaded or styled, relating in any manner, to any act or omission regarding the Student's relationship with [the College]; or...any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph.

(Emphasis in original.) The arbitration clause also states that, unless otherwise agreed, the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF") shall administer the arbitration, and that the administering body's rules shall apply.

The Federal Arbitration Act ("FAA") was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011). Section 2 of the FAA states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The statute reflects a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T*, 131 S.Ct. at 1745 (internal quotations and citations omitted). As a result, courts are required to enforce arbitration agreements according to their terms. *Id*. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266

2

(8th Cir. 2011). Plaintiffs do not challenge that their claim falls within the scope of the arbitration agreement. Rather, they assert that the arbitration clause is unenforceable because it is unconscionable.

This Court is bound by Eighth Circuit precedent that clearly holds that the "[p]arties are free to agree to arbitrate threshold or 'gateway' questions of arbitrability." *Fox v. Career Educ. Corp.*, No. 4:11cv1584 DDN, 2012 WL 1205155, *3 (E.D. Mo. Apr. 11, 2012) (quoting and citing *Rent–A–Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2777 (2010)). "By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011). Inclusion of the AAA Rules into an arbitration agreement is a "clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." *Fallo v. High–Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009). "When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged." *Hubbard v. Career Educ. Corp.*, No. 4:11cv995 CDP, 2011 WL 5976070, at *2 (E.D. Mo. Nov. 30, 2011) (*quoted by Fox*, 2012 WL 1205155, at *3). Here, plaintiffs do not challenge the provision delegating authority to the arbitrator. As a result, plaintiffs' challenges to arbitrability must be heard by an arbitrator and not by this Court. *See also Wilson v. Career Educ. Corp.*, No. 4:11cv1583 RWS, 2011 WL 6012172, *2 (E.D. Mo. Dec. 2, 2011) & *Mitchell v. Career Educ. Corp.*, No. 4:11cv1581 TCM, 2011 WL 6009658, *3 (E.D. Mo. Dec. 1, 2011) (each holding that arbitration clauses identical to the provisions at issue in this case demands that the arbitrator determine arbitrability in light of plaintiffs' arguments).

Accordingly,

**IT IS HEREBY ORDERED** that Sanford-Brown College and Career Education Corporation's motion to compel arbitration and stay this case is **GRANTED,** and their alternative motion to dismiss is **DENIED** (#6).

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of the arbitration, and the parties must file a notice to the court within ten days of the conclusion of arbitration. If not concluded by March 4, 2013, the parties must on that date file a joint report setting forth the status of the arbitration.

Dated this 1st day of October, 2012.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE